UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| William Amonette Anderson,<br><br>    Plaintiff,<br><br>vs.<br><br>California Franchise Tax Board, Board of Equalization, John and Jane Does 1-10, each individually and collectively known as the 'Franchise Tax Board' and 'Board of Equalization,'<br><br>    Defendants. | Case No: C 09-4015 SBA<br><br>**ORDER** |

On August 28, 2009, plaintiff filed an action seeking a permanent injunction against the California taxing agencies, the Franchise Tax Board and the State Board of Equalization. Plaintiff contests the assessment of state taxes against him by the Franchise Tax Board, and requests that this Court issue a permanent injunction forbidding the Franchise Tax Board and the State Board of Equalization from proceeding against him. [Docket No. 1]. On September 24, 2009, Plaintiff filed a motion seeking a preliminary injunction restraining defendants from proceeding against him pending a final decision on his complaint. [Docket No. 5]. On October 1, 2009, defendants filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. [Docket No. 10].

    Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for lack of subject matter jurisdiction. Defendants having raised the issue, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Comtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir.2001). If there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act. See Morongo Band of Mission Indians v. California

State Board of Equalization, 858 F.2d 1376, 1380 (9th Cir.1988), cert. denied, 488 U.S. 1006, 109 S.Ct. 787, 102 L.Ed.2d 779 (1989) (Federal subject matter jurisdiction must exist at the time an action is commenced).

Accordingly, because subject matter jurisdiction is a threshold question, IT IS HEREBY ORDERED THAT:

1. Plaintiff is to file an opposition by October 22, 2009, to defendants' motion to dismiss;

2. Defendants will file a reply by October 29, 2009; and

3. The motion for a preliminary injunction will be HELD IN ABEYANCE pending the resolution of the motion to dismiss.

IT IS SO ORDERED.

Dated: 10/7/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM AMONETTE ANDERSON,

       Plaintiff,

  v.

CA FRANCHISE TAX BOARD et al,

       Defendant.
                                        /

Case Number: CV09-04015 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Amonette Anderson
1046 Pinehurst Court
Millbrae, CA 94030

Dated: October 7, 2009
                              Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk