UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| William Amonette Anderson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>California Franchise Tax Board, Board of Equalization, John and Jane Does 1-10, each individually and collectively known as the 'Franchise Tax Board' and 'Board of Equalization,'<br><br>　　　　Defendants. | Case No: C 09-4015 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Docket No. 11]** |

Presently before the Court is the Motion to Dismiss Complaint brought by Defendants California Franchise Tax Board and State Board of Equalization ("Defendants"). Having read and considered the papers filed in connection with this matter and being fully informed, the Court finds that it lacks subject matter jurisdiction and GRANTS Defendants' motion to dismiss. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

## I.　BACKGROUND

At some time prior to November 16, 2006, the California Franchise Tax Board ("FTB") sent Plaintiff a letter concerning Plaintiff's alleged tax liability. (Verified Complaint for temporary restraining order and permanent injunction ("Compl.") ¶¶ 1-3 (Docket No. 1).) Plaintiff asked the FTB to vacate the assessment, but the agency declined to do so. (Compl. at 2:23-24.) Plaintiff participated in a telephonic "protest hearing" with the FTB concerning the assessments (Compl. at 3:19-4:13.), and subsequently appealed the FTB's decision to the Board of Equalization ("BOE"). (Compl. at 4:16-19). On January 8, 2009, after the BOE had also issued a decision that was

unfavorable to Plaintiff, Plaintiff filed a petition for judicial review in the California superior court. This petition was dismissed after the presiding judge granted Defendants' demurrer because Plaintiff failed to follow the statutory procedure for contesting a tax assessment.[1] (Compl. at 6:11-13; Reply at 3:11-15).

On August 28, 2009, Plaintiff filed the instant Complaint in this Court, alleging, *inter alia*, the FTB's tax assessment against him is arbitrary, based on a "guess," and seeking a permanent injunction to prevent the Defendants from proceeding in collection efforts against him. On October 1, 2009, Defendants filed the instant motion to dismiss, brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). (Docket No. 11.) On October 21, 2009, Plaintiff filed a Response to Motion to Dismiss for Lack of Jurisdiction ("Opp."). (Docket No. 13.) On October 29, 2009, Defendants filed a Reply to Opposition re Motion to Dismiss for Lack of Jurisdiction ("Reply"). (Docket No. 17.) On November 17, 2009, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss and Reply. (Docket No. 24.) Substantively, Plaintiff's motion to strike attacks the merits of the arguments put forth by Defendants in their motion and in their reply and is essentially a sur-reply.[2] Also on November 17, 2009, Plaintiff filed a Motion for Leave to Amend Complaint ("Mot to Amend"), which seeks to add a defendant, Selvi Stanisluas, executive officer of the FTB.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v.*

---

[1] California law requires a plaintiff to first pay the assessment and then bring suit for a refund. Cal. Rev. & Tax §§ 09335, 19381-19382.

[2] Pursuant to Civil Local Rule 7-3(d) "once a reply brief is filed, no additional memoranda, papers, or letters may be filed without prior Court approval." Further, according to this Court's standing orders, "[a]ny pleading or brief sought to be filed with the Court after the required time, or in an improper manner or form, shall not be received or considered by the Court." Because Plaintiff filed his "sur-reply" in violation of the Local Civil Rule and this Court's standing order, it is not considered or a subject of this order.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Consistent with these basic jurisdictional precepts, the Ninth Circuit has articulated the standard for surviving a motion to dismiss for lack of jurisdiction as follows:

> When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. <u>DISCUSSION</u>

Defendants bring the instant motion to dismiss arguing the Tax Injunction Act and California's sovereign immunity deprive this Court of jurisdiction over Plaintiff's challenge to the validity of their tax assessment and their collection efforts.

    A.    <u>The Tax Injunction Act</u>

The Tax Injunction Act (hereinafter, the "Act") provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain speedy and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. The United States Supreme Court has directly addressed California's system of levying and appealing tax-related complaints and found it to be plain, speedy and efficient. <u>California v. Grace Brethren Church</u>, 457 U.S. 393 (1982). Consequently, California district courts lack jurisdiction to issue injunctive and declaratory relief. <u>ID.</u>; <u>Redding Ford v. California State Bd. of Equalization</u>, 722 F.2d 496, 498 (C.A.Cal., 1983)

Plaintiff argues that the Act should not apply to him because there is no "plain, speedy and efficient" remedy available. Plaintiff's argument, based on his personal experience that the remedy is not "plain, speedy or efficient" is unpersuasive.[3] In a similar California tax case brought in federal court, a Plaintiff appealed the dismissal of his action, which sought injunctive relief from the collection of state taxes. The Ninth Circuit stated "[t]he Tax Injunction Act, 28 U.S.C. § 1341, bars jurisdiction since [Plaintiff] has a 'plain, speedy and efficient' state remedy. <u>Redding Ford</u>, 722 F.2d at 498.

Second, Plaintiff argues that he is not a "taxpayer" and alleges the Defendant's tax assessment against him is based on a "guess." Plaintiff's argument goes to the validity of the assessment of his tax liability and is not relevant to this Court's analysis regarding its subject matter jurisdiction.

Accordingly, the Court finds it lacks jurisdiction and GRANTS Defendants' motion to dismiss.

B. <u>The Eleventh Amendment</u>

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. CONST., amend XI.

The Eleventh Amendment grants sovereign immunity to the states against suits in federal court. The State's sovereign immunity poses "a bar to federal jurisdiction over suits against non-consenting States." <u>Alden v. Maine</u>, 527 U.S. 706, 728-729 (1999). This jurisdictional bar applies to suits "in which the State or one of its agencies or departments is named as the defendant" and "applies regardless of the nature of the relief sought" <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984), including suits for declaratory or injunctive relief. <u>Cory v. White</u>, 457 U.S. 85, 91 (1982). This bar also extends to suits in federal court against a state by its

---

[3] For example, Plaintiff complains that Defendants have frequently corresponded with him with "non-responsive form letters" (Opp. at 1:27), refused to "get the appeal issue correct" (<u>Id.</u> at 2:13), and refused to "return phone calls" (<u>Id.</u> at 2:14).

own citizens as well as by citizens of another state. Edelman v. Jordan, 415 U. S. 651, 662-663 (1974). The federal court is deprived of subject matter jurisdiction when the defense is successfully asserted. V.O. Motors v. California St. Bd. of Equalization, 691 F.2d 871, 873 (9th Cir. 1982) (upholding a District Court's dismissal of an action brought by a taxpayer against a California state taxing agency for want of jurisdiction on the basis that suit is barred by the Eleventh Amendment). In the instant case, California has not waived its sovereign immunity (Mot. at 6:12-13) and has raised it as an affirmative defense in the instant motion to dismiss. Demshki v. Monteith, 255 F.3d 986, 989 (C.A.9, 2001).

Plaintiff opposes Defendants' Eleventh Amendment argument on two grounds. First, Plaintiff argues the Eleventh Amendment does not apply to the named John and Jane Does 1-10, who are employees of Defendants who "use fake names." This is incorrect. "The Eleventh Amendment immunity is designed to allow a state to be free to carry out its functions without judicial interference directed at the sovereign or its *agents*." V.O.Motors, 691 F.2d at 872 (emphasis added).

Similarly, Plaintiff's suit would be unaffected by the addition of Selvi Stanisluas, an agent and the executive officer of the FTB, as a named defendant. Plaintiff does not explicitly state in his motion to file an amended complaint how he intends to sue Selvi Stanisluas, whether in her individual or official capacity; Plaintiff merely requests that Selvi Stanisluas take the place of Jane Doe number 1. (Mot. to Amend, at 1:17-19.) However, the caption of Plaintiff's motion to amend names the Defendants, which include Selvi Staniluas, "each individually and collectively known as the 'Franchise Tax Board.'" This suggests Plaintiff intends to sue Selvi Stanisluas in her official capacity. Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991) (stating where the language is too vague or ambiguous to ascertain capacity, the issue should be determined on the basis of the claims asserted and the nature of the relief sought.) Therefore, the Eleventh Amendment serves as a bar to this Court's jurisdiction in the instant case. V.O.Motors, 691 F.2d at 872.

Second, Plaintiff argues that because the "State has consented" to hearing tax cases similar to his own - cases in which plaintiffs have not followed the required statutory procedure for challenging a tax assessment by first paying the assessment and then bringing suit for a refund -

then his suit can therefore similarly be entertained in federal court. (Opp. at 4:21-23 ("If permitted in the state courts, then it is permitted in the federal court.").) Plaintiff fails to understand the dual-sovereignty system of the United States and the inherent presumption that "[f]ederal courts are courts of limited jurisdiction." Rasul, 542 U.S. at 489. Simply put, it is not the case that "if permitted in the state courts, then it is permitted in the federal court." (Opp. at 4:21-23.)

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss Complaint of William Amonette Anderson is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to CLOSE the case file and any pending matters related to it.

IT IS SO ORDERED.

Dated: 1/27/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM AMONETTE ANDERSON,

      Plaintiff,

 v.

CA FRANCHISE TAX BOARD et al,

      Defendant.
      _____/

Case Number: CV09-04015 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Amonette Anderson
1046 Pinehurst Court
Millbrae, CA 94030

Dated: January 28, 2010
                                      Richard W. Wieking, Clerk

                                          By: LISA R CLARK, Deputy Clerk